IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00486 HG-KSC |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING GOWADIA'S** |
| | ) | **MOTION TO DISMISS INDICTMENT** |
| vs. | ) | |
| | ) | |
| NOSHIR S. GOWADIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING GOWADIA'S MOTION TO DISMISS INDICTMENT**

Defendant Noshir S. Gowadia moves to dismiss all counts of a six-count Indictment charging him with violating espionage and arms export control statutes. Gowadia makes several unfounded constitutional arguments. Gowadia also makes several fact-based arguments not appropriate for resolution at the motion to dismiss stage. The Court holds that the Indictment contains the elements of the charged crimes in adequate detail to inform Gowadia of the charges.

For the reasons that follow, Gowadia's motion to dismiss the Indictment is DENIED.

**PROCEDURAL HISTORY**

On April 5, 2006, Defendant Noshir S. Gowadia ("Gowadia") filed a "Motion to Dismiss the Indictment" ("Motion", Doc. 42).

On April 28, 2006, the Government filed an "Opposition to Gowadia's Motion to Dismiss Indictment" ("Opposition", Doc. 52).

1

The Government's Opposition addressed only Counts One, Two, and Three of the Indictment.

On May 17, 2006, the Court held a hearing on the Motion and took it under submission. The Court ordered further briefing as to Counts Four, Five, and Six of the Indictment.

On June 15, 2006, the Government filed an "Opposition to Defendant's Motion to Dismiss Counts 4-6 of the Indictment" ("June Opposition", Doc. 68).

On June 21, 2006, Gowadia filed a "Reply Brief in Support of His Motion to Dismiss Counts 4-6 of the Indictment." ("Reply", Doc. 70).

## BACKGROUND

**I.   The Indictment**

The Indictment contains six counts. Counts One, Two and Three each allege that Gowadia, in violation of 18 U.S.C. §§ 793(e) and 2, had "unauthorized possession of, access to and control over information relating to the national defense, and having reason to believe that such information could be used to the injury of the United States and to the advantage of any foreign nation, did willfully communicate, deliver, transmit . . . information relating to the national defense to a person not entitled to receive it . . . ." Each count alleges the transmission of classified information to persons in different countries.

The charges in Counts Four, Five, and Six pertain to the unlawful export of defense articles or services, or technical data, related thereto, in violation of The Arms Export Control Act, 22 U.S.C. § 2778(c).  Counts Four, Five, and Six charge that Gowadia "did knowingly and willfully export and attempt to export classified technical data" pertaining to the development of "infrared suppression technology for a foreign military aircraft and containing information classified at the Top Secret level concerning a defense system of the United States" to foreign officials or business persons in different countries "without having first obtained a validated license or written approval from the United States Department of State, Directorate of Defense Trade Controls . . ."

## STANDARD OF REVIEW

An indictment is sufficient when it "contains the elements of the charged crime in adequate detail to inform the defendant of the charge."  United States v. Buckley, 689 F.2d 893, 896 (9th Cir. 1982).  The Government need only allege the essential facts that are necessary to apprise the defendant of the crime charged. United States v. Ely, 142 F.3d 1113, 1120 (9th Cir. 1998) (quoting United States v. Cochrane, 985 F.2d 1027 (9th Cir. 1993)).  An indictment need not be a "model of clarity," and an indictment that sets forth charges using the language of the statute itself is "generally sufficient."  Ely, 142 F.3d at 1120

(quoting United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1992)).

## ANALYSIS

I.   Counts One, Two, and Three

    A.   *The Doctrine of Legal Impossibility Does Not Apply*

Gowadia claims it is legally impossible for him to have violated 18 U.S.C. § 793(e) as charged in Counts One through Three of the Indictment.

"Legal impossibility exists when the intended acts would not constitute a crime under the applicable law.  Factual impossibility refers to those situations in which, unknown to the defendant, the consummation of the intended criminal act is physically impossible."  United States v. McCormick, 72 F.3d 1404, 1408 (9th Cir. 1995).  An example of legal impossibility is if "John Doe believes that it is unlawful to tear a phone book and he rips a page out of his own home telephone book, then even though he believes he has committed a crime, he has not."  United States v. Spurlock, 386 F. Supp. 2d 1072, 1082 (W.D. Mo. 2005).

Gowadia contends that "[t]he information Mr. Gowadia allegedly disclosed to foreign officials concerned the results of tests that were not performed until *after* Mr. Gowadia left Northrop, and were not known to *anyone* until at least three years after his security clearances to the B-2 program had ended." (Motion at 4, emphasis original.)  Relying on the doctrine of

4

legal impossibility, Gowadia submits that because his "clearances ended years before the information he is accused of disclosing ever existed, it is impossible for him to have ever had possession of, control over, or access to that information." (Id.)

The Government contends that the fact that Gowadia left Northrop "would not make it 'legally impossible' for him to be guilty, because Gowadia could have acquired the information through means other than employment at Northrop, or he could have extrapolated the information from other classified information within his knowledge or under his control." (Opposition at 4.) The Government submits that Gowadia's access to classified information is a factual issue for trial.

The Government is correct. The doctrine of legal impossibility does not apply to the facts present here. If Gowadia ever obtained the classified information that he allegedly possessed, how he allegedly obtained it and communicated in violation of the law is a question of fact. As the Government points out, it is not impossible for Gowadia to have obtained the confidential information from another source.

Counts One through Three are not dismissed on the ground of legal impossibility.

> B.  ***Counts One, Two, and Three of the Indictment Adequately Allege Offenses Under 18 U.S.C. § 793(e)***

Gowadia contends that Counts One through Three of the

5

Indictment fail to allege the required elements of a violation of 18 U.S.C. § 793(e).

The Government need only allege the essential facts that are necessary to apprise the defendant of the crime charged. Ely, 142 F.3d at 1120 (9th Cir. 1998) (quoting Cochrane, 985 F.2d 1027).  In evaluating an indictment's sufficiency, the Court must accept its allegations as true. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).  In addition, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by the evidence." Id.

>18 U.S.C. § 793(e) provides:
>
>>Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it; or
>
>>\*   \*   \*
>
>>Shall be fined under this title or imprisoned not more than ten years, or both.

The charges in Counts One through Three of the Indictment track the language of the statute and provide sufficient supporting allegations to support the charge.  See Ely, 142 F.3d at 1120. Each count clearly articulates that Gowadia, having unauthorized possession of, access to and control over information relating to the national defense, transmitted the information to an unauthorized person.  Each count alleges the date and form of the transmission of the classified information.  Each count also contains factual information to notify the defendant of the conduct in question.

    The basis for Gowadia's insufficiency argument is the same as for his legal impossibility argument.  Gowadia submits that the "Indictment does not – and cannot – allege that Mr. Gowadia ever received, possessed, controlled, or had access to the actual classified data he is alleged to have improperly disclosed . . . ".  (Motion at 6.)  This is incorrect.  The Indictment does make these allegations.  The Indictment alleges that Gowadia worked in a number of classified positions while employed by Northrop Corporation through which he received classified information. (Indictment ¶¶ 1-4.)  Gowadia, however, argues that it was factually impossible for him to possess the classified information because he did not have access to it.  Gowadia's fact-based argument does not go to the sufficiency of the Indictment.

7

Gowadia also submits that for the Government to establish that the material is related to the national defense for purposes of Section 793, "the government must prove that the material is closely held by the United States government" and that the Government cannot prove this because he did not possess classified information but only information similar to classified information. (Motion at 7-8.)

These issues are issues of fact for the Government to prove at trial. Counts One through Three of the Indictment are not dismissed on these grounds because the counts adequately allege elements of the offenses and fairly inform Gowadia of the charges.

    C.    ***The Application of 18 U.S.C. § 793(e) Does Not Violate the First Amendment***

Gowadia contends that application of Section 793(e) to the facts of this case would violate the First Amendment of the United States Constitution. (Motion at 9.) The premise of Gowadia's argument is that he disclosed only *estimates* of data because he never possessed, controlled, or had access to the actual classified information allegedly disclosed. (Id.) According to Gowadia, the First Amendment prohibits the prosecution of an individual who publicly *estimates* the substance of classified information. (Id.)

Gowadia's First Amendment argument depends on his argument

8

that he was merely guessing or estimating about the specific capabilities of the B-2 bomber because he did not have access to the classified information concerning these capabilities. This is a factual argument not relevant to the sufficiency of the Indictment.

The Indictment is founded upon the probable cause finding of the grand jury. The Government submits that its "proof at trial will demonstrate that the national defense information transmitted by Gowadia was a product of his access and work on a classified aspect of the propulsion system of the B-2." (Opposition at 8.) Gowadia does not have a First Amendment right to communicate classified national defense information. See United States v. Rosenberg, 195 F.2d 583, 591 (2nd Cir. 1952) ("[t]he communication to a foreign government of secret material connected with the national defense can by no far-fetched reasoning be included within the area of First-Amendment protected free speech"). Indeed, Gowadia does not even argue that he has any such right. Because the Government may prove at trial that Gowadia communicated classified national defense information in violation of Section 793(e), the Court is unable to reach the question of whether prosecution under Section 793(e) for guessing or speculation as to classified national defense information would violate the First Amendment. The Court does not dismiss Counts One through Three on First Amendment grounds.

D. *Constitutional Avoidance*

Gowadia contends that the Court should not interpret Section 793(e) to cover speculation or guesses about classified information because if the Court were to interpret Section 793(e) in this way, it would raise First Amendment concerns. Gowadia contends that, under the doctrine of constitutional avoidance, the Court should not interpret Section 793(e) so broadly in order to avoid the constitutional doubts that would be raised by criminalizing guesses about the substance of classified information. As discussed above, Gowadia's argument that he was merely guessing is unsupported and does not trump the grand jury's findings. Whether Gowadia knew or only speculated about classified information is a question of fact that depends on the evidence presented at trial. The Court need not decide whether Section 793(e) covers speculation or guesses about classified information at this time.

## II. Counts Four, Five, and Six

Counts Four through Six charge Gowadia with violating the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, et seq. and its implementing regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. § 120, et seq. Under AECA, the United States regulates and restricts the export of arms, munitions, implements of war, and other defense articles and

services.  The ITAR contains a list of categories of defense articles and defense services which are subject to control by these regulations.

The Indictment charges that Gowadia "did knowingly and willfully export and attempt to export classified technical data . . ."  The ITAR defines "technical data" to include "information, other than software as defined in 120.10(a)(4), which is required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of defense articles."  The definition of the term "technical data" also includes "classified information relating to defense articles and defense services."  22 C.F.R. § 120.10(a)(1) and (2).

The Indictment charges that "[i]nformation concerning the specific capabilities of low observable systems, such as infrared suppression systems, as they relate to the B-2 spirit bomber is classified technical data and is covered by the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1 Category XIII, subsections (j) and (k)."

      A.   ***The Indictment Sufficiently Alleges the Unlawful Export of Technical Data***

Gowadia contends that the information which Gowadia allegedly exported does not fall within the definition of "technical data".  (Motion at 16-17.)  Gowadia urges the Court to adopt a narrow definition of "technical data" used by the court

in <u>United States v. Edler Indus. Inc.</u>, 579 F.2d 516 (9th Cir. 1978).  The <u>Edler</u> court, interpreting the Mutual Security Act of 1954, 22 U.S.C. § 1934(a), the predecessor to the AECA, observed that:  "Presumably, Congress intended that the technical data subject to control would be directly relevant to the production of a specified article on the Munitions List."  <u>Id</u>. at 521.  Gowadia then argues that the Indictment has failed to allege that Gowadia disclosed information that would be "directly relevant" or of any use to a foreign power in the production of military technology and equipment.

The <u>Edler</u> court's decision is of little use in interpreting the definition of "technical data".  The <u>Edler</u> court did not interpret the meaning of "technical data" under AECA and did not discuss the definition of technical data as applied to classified information such as is at issue in this case.

The Indictment alleges, in part, that Gowadia exported classified information "concerning a defense system of the United States . . . ".  22 C.F.R. § 120.10(a)(2) defines "technical data" as "[c]lassified information relating to defense articles and defense services."  The B-2 Spirit Bomber is a "defense article" because the United States Munitions list includes in the definition of defense articles:  "[a]ircraft . . . which are specifically designed, modified, or equipped for military purposes.  This includes but is not limited to . . . bombing."

See 22 C.F.R. § 121.1, Category VIII (a).  The Indictment thus tracks the regulatory language.

Gowadia contends that the facts do not support the allegation that he unlawfully exported "technical data".  Gowadia contends that the data he allegedly disclosed "was a measurement of one in-flight characteristic of the B-2 Spirit Bomber", that this information was not available to anyone, including Gowadia, until the B-2 had already flown, and that this information would not have aided a foreign power in the production of military equipment.  (Reply at 2.)  Gowadia concludes that this information is not directly relevant to the production of a defense article and is not "technical data" under the definition of ITAR.  (Reply at 2-3.)

The Court does not consider Gowadia's factual argument as to the nature of the information he allegedly disclosed in ruling on the Motion to Dismiss.  In evaluating the sufficiency of the Indictment, the Court accepts the allegations as true.  See Jensen, 93 F.3d at 669.  The Indictment alleges that Gowadia unlawfully exported "information classified at the Top Secret level concerning a defense system of the United States, without having first obtained a validated license or written approval . . . ".  (Indictment ¶ 15.).  This allegation meets the definition of "technical data" as defined by 22 C.F.R. § 120.10(a)(2) and the Government has sufficiently alleged a violation of 22 U.S.C.

13

§ 2778(c).

As discussed above, Gowadia's argument that he did not have access to classified information is not grounds to dismiss the Indictment. The Indictment sufficiently alleges the unlawful export of technical data.

    B. ***Counts Four, Five, and Six Adequately Allege Attempt Violations of the Arms Export Control Act***

Gowadia contends that Counts Four through Six should be dismissed to the extent they allege that Gowadia "did knowingly and willfully export and *attempt to export* classified technical data . . . "  A jury may convict a defendant of the attempted commission of a crime if the Government can show "(1) intent to engage in criminal conduct and (2) an overt act which is a substantial step towards commission of the crime." United States v. Arbelaez, 812 F.2d 530, 534 (9th Cir. 1987).

Gowadia contends that he cannot be guilty of the attempted export of technical data because a violation of Section 2778 requires that the export of prohibited articles be without a valid license. Gowadia argues that a proposal to perform a defense service could not, standing alone, serve as a basis for attempt liability because it would require the jury to assume an essential element of the crime – that the defendant had failed to obtain a license. Gowadia also argues that "[t]he regulatory scheme created by the AECA and the ITAR does not envision that companies will obtain export licenses merely to permit them to

14

submit speculative proposals to foreign entities for future joint projects." (Reply at 5-6.)

Gowadia's argument is misplaced and ignores the plain language of the charges as set forth in the Indictment. The Indictment alleges that the proposals themselves contained classified information and does not require the jury to assume that Gowadia failed to obtain a license. In particular, the Indictment charges that Gowadia:

- Count Four:  "did knowingly and willfully export and *attempt to export* classified technical data, in that defendant GOWADIA faxed to a foreign official in Country 'A' a document setting forth a proposal to develop infrared suppression technology for a foreign military aircraft and containing information classified at the Top Secret level concerning a defense system of the United States, without having first obtained a validated license or written approval from the United States Department of State . . . " (Count Four; Indictment at ¶ 15; emphasis added)
- Count Five:  "did knowingly and willfully export and *attempt to export* classified technical data, in that defendant GOWADIA sent an e-mail message to a foreign business person in Country 'B' and attached to this e-mail a Powerpoint presentation concerning a proposal to develop infrared suppression technology for foreign commercial aircraft and

      containing classified information concerning a defense system of the United States, which was classified at the Secret level, without having first obtained a validated license or written approval from the United States Department of State. . ."  (Count Five; Indictment at ¶ 17; emphasis added);

- Count Six:  "did knowingly and willfully export and *attempt to export* classified technical data, in that defendant GOWADIA sent an e-mail message to a foreign business person in Country 'D' setting forth a proposal to develop infrared suppression technology for a foreign commercial aircraft and containing information classified at the Top Secret level concerning a defense system of the United States, without having first obtained a validated license or written approval from the United States Department of State" (Count Six; Indictment at ¶ 19; emphasis added).

      The Indictment properly alleges violations of 22 U.S.C. § 2778(c).  See Buckley, 689 F.2d at 897 (in judging the sufficiency of the indictment the court looks to "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case").  Contrary to Gowadia's assertion, it is not legally impossible for the Government to

16

prove an attempted violation of 22 U.S.C. § 2778(c).  There is no basis for Gowadia's argument that the jury would need to *assume* that Gowadia had failed to obtain a license.  The Indictment alleges that Gowadia did not have a license to export classified data as an element of both the commission, and the attempted commission, of the crime.  It is not uncommon for the Government to charge a defendant with an attempted violation of the Arms Export Control Act.  See e.g., United States v. Muthana, 60 F.3d 1217, 1220 (7th Cir. 1995) (defendant charged and acquitted of knowingly and willfully attempting to export defense articles to Yemen without a valid license); United States v. Durrani, 835 F.2d 410 (2nd Cir. 1987) (defendant charged and convicted of attempting to export arms without a valid license).

A jury could find Gowadia guilty of the attempted export of classified technical data without a license if the evidence shows that he had intended to do so and had taken a substantial step toward exporting such data.  See United States v. One Boeing 707 Aircraft, 750 F.2d 1280, 1287 (5th Cir. 1985)(evidence showed attempt to illegally export weapons where weapons were at airport ready to be loaded on an airplane that would depart within hours, regardless of whether the weapons were actually loaded on the plane or whether the plane was set in motion toward actual departure; "fact that . . . undercover government involvement made any actual export impossible does not alter the jury's

finding sufficient intent and overt acts to warrant a conclusion of attempted export").

Gowadia's argument that a defendant could not violate the statute by exporting classified technical data in the form of a proposal is similarly without merit.  As the Indictment alleges, a defendant could violate the statute by transmitting a proposal containing classified information concerning a defense system of the United States.  The fact that the document, whether in email or other form, is characterized as a proposal does not mean that it cannot contain classified information, unlawfully exported in violation of the statute.

Counts Four, Five and Six of the Indictment adequately allege attempt violations of the Arms Export Control Act.

## CONCLUSION

In accordance with the foregoing, Defendant Noshir S. Gowadia's Motion to Dismiss the Indictment (Doc. 42) is **DENIED** as to all counts of the Indictment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 25, 2006.



 **/s/ Helen Gillmor**
Chief United States District Judge

_____
United States v. Gowadia; Crim. No. 05-00486 HG-KSC; **ORDER DENYING GOWADIA'S MOTION TO DISMISS INDICTMENT**