```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

                                   )    CR. NO. 05-00486 HG-KSC
UNITED STATES OF AMERICA,          )
                                   )    ORDER DENYING DEFENDANT
              Plaintiff,           )    NOSHIR S. GOWADIA'S MOTION
                                   )    FOR DISCLOSURE OF FISA
         vs.                       )    APPLICATIONS AND ORDERS;
                                   )    ORDER DENYING DEFENDANT
NOSHIR S. GOWADIA,                 )    NOSHIR S. GOWADIA'S MOTION
                                   )    FOR ADVERSARY HEARING ON
              Defendant.           )    MOTION TO SUPPRESS
                                   )
                                   )
_____  )
```

**ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTION FOR DISCLOSURE
OF FISA APPLICATIONS AND ORDERS
AND
ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTION FOR ADVERSARY
HEARING ON MOTION TO SUPPRESS**

Defendant Noshir S. Gowadia ("Defendant" or "Gowadia") boarded a flight from Singapore to the United States on April 29, 2004. Upon his return to the United States, law enforcement agents conducted a search pursuant to the Foreign Intelligence Surveillance Act ("FISA") on Defendant's carry-on luggage, which included his laptop computer and other electronic media. Law enforcement agents created a mirrored hard drive of Defendant's laptop computer for subsequent analysis. The other contents of Defendant's carry-on luggage, which included hand-written notes, articles, and brochures regarding missile technology, were also examined.

Defendant now moves for the Government to disclose all

1

FISA application papers that the Government may have submitted, along with any orders issued by the Foreign Intelligence Surveillance Court ("FISC") authorizing the electronic surveillance and/or physical search of Defendant and his property. Defendant also moves for an adversary hearing on the issues raised in the accompanying Motion to Suppress (Doc. 217) in order for the Court to determine the legality of the Government's surveillance of Defendant.

Defendant Noshir S. Gowadia's Motion for Disclosure of FISA Applications and Orders (Doc. 216) is **DENIED**. Defendant Noshir S. Gowadia's Motion for an Adversary Hearing on the Motion to Suppress is **DENIED**.

## PROCEDURAL HISTORY

On November 8, 2005, an Indictment was filed against Defendant Noshir S. Gowadia ("Defendant" or "Gowadia"). (Doc. 11, "Indictment".)

On November 8, 2006, a Superceding Indictment was filed against Defendant. (Doc. 92, "Superceding Indictment".)

On October 25, 2007, a Second Superceding Indictment was filed against Defendant. (Doc. 133, "Second Superceding Indictment".)

On November 13, 2008, Defendant filed a Motion for Disclosure of FISA Applications and Orders and for Adversary Hearing on Motion to Suppress. (Doc. 216, "Motion".)

On December 16, 2008, the Government filed an Unclassified Ex Parte Opposition to Defendant's Motion for Disclosure of FISA Applications and Orders and for Adversary Hearing on Motion to Suppress. (Doc. 245, "Opposition".) The Opposition contains a "Declaration and Claim of Privilege of the Attorney General of the United States" executed by Michael B. Mukasey, dated December 16, 2008.

On the same day, the Government also filed under seal a Classified Ex Parte Opposition to Defendant's Motion for Disclosure of FISA Applications and Orders and for Adversary Hearing on Motion to Suppress. (Doc. 247, "Classified Ex Parte Opposition".) In conjunction with the Classified Ex Parte Opposition, the Government also filed the following exhibits under seal: the application papers submitted by the Government to the FISC Court, the accompanying declarations to the Government's application, the certification from a high-ranking Executive Branch official, the search warrant issued by the FISC, and the return on the search warrant. (Doc. 246, "Sealed Exhibits".)

On December 22, 2008, Defendant filed a Reply to Government's Unclassified Ex Parte Memorandum in Opposition to Defendant's Motion for Suppression of Evidence Derived from FISA Search and Motion for Disclosure of FISA Applications and Orders and for Adversary Hearing on Motion to Suppress. (Doc. 250, "Reply".)

The hearing on the Motion was held on January 6, 2009.

## ANALYSIS

The Foreign Intelligence Surveillance Act ("FISA") allows for the disclosure of the Government's application papers and Foreign Intelligence Surveillance Court ("FISC") orders. 50 U.S.C. § 1825(g). If, however, "the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States," then the district court "shall, notwithstanding any other law . . . review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1825(g).

On the filing of such an affidavit or declaration by the Attorney General, the court "may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order or other materials relating to the surveillance [or physical search] only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]." 50 U.S.C. §§ 1806(f), 1825(g).

If the district court is able to make an accurate determination in regard to the legality of the FISA application based on an in camera review of the materials submitted by the

Government, then the district court may not order disclosure of any of the FISA application papers. 50 U.S.C. § 1825(g); United States v. Sarkissian, 841 F.2d 959, 964 (9th Cir. 1988); United States v. Duggan, 743 F.2d 59, 78 (2d Cir. 1984) (affirming district court's refusal to disclose FISA materials where the court was able to determine the legality of the surveillance without disclosure).

Disclosure is necessary only when "the court's initial review of the application, order, and fruits of the surveillance indicates that the question of legality may be complicated by factors such as indications of possible misrepresentations of fact, vague identification of persons to be surveilled or surveillance records which include a significant amount of non-foreign intelligence information, calling into question compliance with the minimization standards contained in the order." United States v. Belfield, 692 F.2d 141, 147 (D.C. Cir. 1982) (citations omitted).

To date, no court has held that disclosure of the FISA application papers was necessary in order to determine the lawfulness of a search authorized under FISA. See, e.g., In re Grand Jury Proceedings, 347 F.3d 197, 203 (7th Cir. 2003) (noting that no court has ever ordered disclosure of FISA materials); United States v. Mubayyid, 521 F. Supp. 2d 125, 130 (D. Mass. 2007) (collecting cases); United States v. Rosen, 447 F. Supp. 2d

538, 546 (E.D. Va. 2006). The courts have also uniformly held that the in camera review procedures prescribed by FISA do not deprive a defendant of Due Process under the United States Constitution. United States v. Ott, 827 F.2d 473, 476-77 (9th Cir. 1987) (FISA's review procedures do not deprive a defendant of Due Process); United States v. Damrah, 412 F.3d 618, 624 (6th Cir. 2005) ("FISA's requirement that the district court conduct an ex parte, in camera review of FISA Materials does not deprive a defendant of due process."); United States v. Abu-Jihaad, 531 F. Supp. 2d 299, 310 (D. Conn. 2008) (citing cases).

### I.  Disclosure of the Government's Application Papers and the FISA Order

In this case, the Government has submitted a "Declaration and Claim of Privilege of the Attorney General of the United States" in conjunction with their Opposition. The Declaration states, in part, that "it would harm the national security of the United States to publicly disclose or have an adversary hearing with respect to the FISA materials." The filing of this Declaration by the Attorney General of the United States obligates the Court to "review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1825(g).

The Court has reviewed in camera the application papers submitted by the Government to the FISC Court, the accompanying declarations to the Government's application, the certification from a high-ranking Executive Branch official, the search warrant issued by the FISC, and the return on the search warrant. The review of these documents do not reveal any misrepresentations of fact, and the relevant application papers include a specific identification of the person to be surveilled. Belfield, 692 F.2d at 147. In addition, the Government has represented that only foreign intelligence information and/or evidence of criminal activity uncovered during the execution of the search warrant was retained by the Government. Opposition at 36, 40; see also Ott, 827 F.2d at 476. There is no evidence indicating that the Government did not comply with the standard minimization procedures that were submitted to the FISC. Belfield, 692 F.2d at 147.

For these reasons, the Court holds that disclosure of the Government's application papers and the FISC order authorizing the search is not warranted in this situation.

**II.   Defendant's Request for a Hearing Pursuant to Franks v. Delaware**

Defendant's Motion also raises a claim under Franks v. Delaware, 438 U.S. 154 (1978), for the disclosure of all

affidavits/declarations that were submitted as part of the Government's application to the FISC. Motion at 3; see also Duggan, 743 F.2d at 77 n.6 (allegations of possible fraudulent misrepresentations in the FISA application should be reviewed by the court under the principles set forth in Franks v. Delaware). Defendant requests a Franks hearing in order to determine the truthfulness of these affidavits/declarations. Id.

Prior to the court disclosing these documents and holding a Franks hearing, the Supreme Court has held that the defendant must first make a "substantial preliminary showing" that: (1) the affiant intentionally or recklessly included false statements, or omitted material information, in the affidavit; and (2) the misrepresentation was essential to the finding of probable cause. Franks, 438 U.S. at 155-56. Upon review of the Government's affidavits/declarations, the application papers, and the FISA order authorizing the search, the Court has not found any misrepresentations, false statements, or omitted material information. As the requisite preliminary showing has not been made, Defendant's request to hold a Franks hearing must be denied. Id.

## CONCLUSION

The Court holds that the FISC search warrant was properly issued and executed. Id.; see also Ott, 827 F.2d at 476-77; Mubayyid, 521 F. Supp. 2d at 130. Disclosure of the

Government's application papers and the FISC order authorizing the search is not warranted in this situation.

Defendant Noshir S. Gowadia's Motion for Disclosure of FISA Applications and Orders (Doc. 216) is **DENIED**. There is nothing before the Court that would warrant disclosure of the Government's application papers and the FISC order authorizing the search.

Defendant Noshir S. Gowadia's Motion for an Adversary Hearing on the Motion to Suppress (Doc. 216) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 8, 2009.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____

UNITED STATES OF AMERICA v. NOSHIR S. GOWADIA; Cr. No. 05-00486 HG-KSC; **ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTION FOR DISCLOSURE OF FISA APPLICATIONS AND ORDERS; ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTION FOR ADVERSARY HEARING ON MOTION TO SUPPRESS**