IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00486 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | NOSHIR S. GOWADIA'S MOTIONS |
| vs. | ) | FOR DISCOVERY (DOCKET NO. |
| | ) | 424), FOR AN ARTICLE III |
| NOSHIR S. GOWADIA, | ) | JUDGE TO ADJUDICATE |
| | ) | COMPETENCY OF DEFENDANT |
| Defendant. | ) | (DOCKET NO. 425), FOR AN |
| | ) | EXTENSION OF TIME TO FILE |
| | ) | RESPONSE TO RULE 6(c) MOTION |
| | ) | (DOCKET NO. 426), AND FOR A |
| | ) | STATUS CONFERENCE TO DISCUSS |
| _____ | ) | SCHEDULING (DOCKET NO. 427) |

ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTIONS FOR DISCOVERY
(DOCKET NO. 424), FOR AN ARTICLE III JUDGE TO ADJUDICATE
COMPETENCY OF DEFENDANT (DOCKET NO. 425), FOR AN EXTENSION OF
TIME TO FILE RESPONSE TO RULE 6(c) MOTION (DOCKET NO. 426), AND
FOR A STATUS CONFERENCE TO DISCUSS SCHEDULING (DOCKET NO. 427)

I.      DEFENDANT NOSHIR S. GOWADIA'S MOTION FOR DISCOVERY
        (DOCKET NO. 424) IS DENIED.

On October 28, 2009, Defendant Noshir S. Gowadia filed

a Motion for Discovery Regarding Special Agent Williams's "Read

In" of Court Personnel.  That motion is denied without a hearing

pursuant to Local Rule 7.2(d), which is applicable to motions in

this case.  See Crim.LR12.3 ("The local rules pertaining to civil

motions are applicable to motions in criminal cases . . . .").

It is this judge's understanding that Agent Williams

"read in" law clerks for Judge Helen Gillmor and Magistrate Judge

Chang; the secretary, courtroom manager, and court reporter for

Judge Helen Gillmor; and the Clerk of Court.  Williams may have

also "read in" United States Marshal Service personnel.

Attorneys representing Gowadia, having also been "read in," are well-aware of the type of information discussed in the "read ins."  This information would have included a general overview of the treatment of classified information and a rudimentary discussion of the type of classified material relevant in this matter.  The court has no reason to think that the "read in" prejudiced court or USMS personnel in favor of or against Gowadia.  To the contrary, this court has every reason to believe that each such person is independently evaluating the information in the "read in."

Nevertheless, in an abundance of caution, the court orders the Government to inform Gowadia, no later than November 13, 2009, whether and how Williams's "read in" of court and USMS personnel differed from the "read in" of Gowadia's counsel.  The Government is not presently ordered to provide Gowadia with copies of the actual materials used during the "read ins."  Instead, if the "read ins" differed, the Government need only describe how the "read ins" differed.  If there was no difference, the Government may satisfy this order by informing Gowadia that the same materials were used and that the language used by Williams was generally the same as with Gowadia's counsel.

II.        GOWADIA'S REQUEST FOR AN ARTICLE III JUDGE TO DETERMINE
           HIS COMPETENCY IS DENIED.

On October 28, 2009, Gowadia requested that an Article III judge, not Magistrate Judge Kevin S.C. Chang, determine his competency.[1]  Gowadia argues that magistrate judges are never allowed to decide competency.  Ths court disagrees.

The procedure for determining the competency of a defendant to stand trial is set forth in 18 U.S.C. § 4241.  The Ninth Circuit has not directly addressed whether a magistrate judge may issue orders or instead must issue findings and recommendations regarding a defendant's competency to stand trial under 18 U.S.C. § 4241.  Compare United States v. Lorenzo, 995 F.2d 1448, 1456 n.3 (9th Cir. 1993) (in determining that the trial court did not err in failing to hold a competency hearing with respect to one defendant, the Ninth Circuit noted that the magistrate judge held a competency hearing with regard to a different defendant, thereby indicating that the Ninth Circuit

---

[1]This court was not immediately aware of this request. Thus, when court staff initially asked the Government whether it objected to Gowadia's request to continue the competency hearing, the court was perplexed that the Government objected to this judge's involvement.  This judge thought she should address the motion to continue because Magistrate Judge Kevin S.C. Chang was out of town.  This judge was unaware at the time that, with commendable diligence, Magistrate Judge Chang had already set a briefing schedule on the motion to continue.  The court thought it was dealing with only the motion to continue, wanted only a "yes" or "no" on whether a Government objection was forthcoming, and did not understand that the Government was focused on the request to transfer judges, not on the continuance.

did not consider a magistrate judge's determination of a
defendant's competency to have been an incorrect procedure), <u>with
United States v. Rivero-Guerrero</u>, 377 F.3d 1064, 1068-70 (9th
Cir. 2004) (holding that magistrate judges must issue findings
and recommendations regarding the forced medication of
incompetent defendants).  This district has a local rule
specifically authorizing magistrate judges to "Hear motions and
enter orders relative to mental competency under 18 U.S.C.
§ 4241," and magistrate judges in this district have previously
issued orders regarding the competency of defendants without
objection.  <u>See</u> Local Criminal Rule 57.1(i); <u>United States v.
Eugene Frederick Boyce, III</u>, Crim. No. 99-00570 SOM/BMK, slip.
op. (Feb. 5, 2003).

Other jurisdictions have similarly allowed magistrate
judges to conduct competency examinations.  <u>See, e.g.</u>, <u>United
States v. Doshier</u>, 2009 W.L. 2230789 (E.D. Okla., July 23, 2009)
("Neither party has questioned the undersigned Magistrate Judge's
authority under 18 U.S.C. § 4241 to finally determine the
Defendant's competency in this case, but the undersigned finds
that a magistrate judge does have such authority"); <u>United States
v. Hardy</u>, 2008 WL 4682218, *3 (N.D. Okla., Oct. 22, 2008) ("the
practice in this Court has been for Magistrate Judges to conduct
competency hearings and make their determinations by Order rather
than Report and Recommendation"); <u>United States v. Battle</u>, 264 F.

Supp. 2d 1088, 1108 (N.D. Ga. 2003) ("the Court finds that the magistrate judge did have the authority to conduct the competency hearing").  In fact, magistrate judges routinely determine a defendant's competency when taking a guilty plea pursuant to the consent of the parties.

However, some jurisdictions require magistrate judges to issue findings and recommendations rather than orders as to competency motions.  See, e.g., United States v. Conley, 2009 W.L. 1109340 (W.D. Tenn. Mar. 9, 2009) ("The motion was referred to the United States Magistrate Judge to conduct a competency hearing as required by 18 U.S.C. § 4241(a) and make a report and recommendation."); United State v. Williams, 2007 W.L. 1655371, *1 (M.D. Fla. June 7, 2007 ("On May 1, 2007, the United States Magistrate Judge issued a Report and Recommendation, (Doc. 34), finding by a preponderance of the evidence that the Defendant is mentally competent to stand trial as provided in 18 U.S.C. § 4241(d).").

The power of a magistrate judge is set forth in 28 U.S.C. § 636.  With certain exceptions, § 636(b)(1)(A) allows a district judge to designate any pretrial matter to a magistrate judge for determination.  Section 636(b)(1)(B) allows a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations to a district court with respect to the excepted matters listed in § 636(b)(1)(A).  Finally,

5

§ 636(b)(1)(C) allows a district judge to assign to a magistrate judge any additional duties that are not inconsistent with the Constitution and laws of the United States.  The exceptions listed in § 636(b)(1)(A) are not exhaustive.  Instead, this court "look[s] to the effect of the motion, in order to determine whether it is properly characterized as dispositive or nondispositive of a claim or defense of a party." Rivero-Guerrero, 377 F.3d at 1068.  When the motion is dispositive of a claim or defense, this court may designate it to a magistrate judge pursuant to § 636(b)(1)(B) for proposed findings of fact and recommendations.  See id. at 1069.

In Rivero-Guerrero, the Ninth Circuit examined whether a magistrate judge was authorized to order the involuntary medication of a defendant to make that defendant competent to stand trial.  The Ninth Circuit concluded that, although the medication order was not one of the dispositive motions listed in § 636(b)(1)(A), it was still a matter that could not be determined by a magistrate judge under § 636(b)(1)(A).  As the Government points out in its October 29, 2009, opposition to Gowadia's request, Rivero-Guerrero then determined that there was no constitutional or statutory concern about a magistrate judge's issuance of proposed findings of fact and recommendations on the involuntary medication issue.  Id. at 1070.

6

This court denies without a hearing Gowadia's request to have his competency determined by an Article III judge. Without ruling on whether a magistrate judge is allowed to issue an order on a defendant's competency to stand trial or whether a magistrate judge must instead issue findings and recommendations, this court, only in an abundance of caution, directs Magistrate Judge Chang to issue findings and a recommendation regarding Gowadia's competency pursuant to § 636(b)(1)(B).

III.    GOWADIA'S REQUEST FOR EXTENSION OF TIME TO FILE
        RESPONSE TO GOVERNMENTS 6(C) MOTION IS DENIED.

Gowadia requests an extension of time from November 5, 2009, to November 13, 2009, to file a response to the Government's § 6(c) motion.  Gowadia appears to be requesting the one-week continuance because his competency hearing is currently scheduled for November 5, 2009, but may be continued, saying that "[a]dditional time is likely to be necessary to adequately prepare the response."

Gowadia's request to continue the response date is denied without a hearing.  First, the competency hearing may well be continued.  Second, at an earlier status conference, this court and the parties discussed the deadlines and the dates of the hearing on the § 6(c) motion in light of the upcoming trial. Allowing Gowadia additional time to file a response would cut into this court's time to prepare for that motion and the court's ability to rule on the motion prior to trial.  Finally, Gowadia's

7

counsel has had nearly a month to file a response to the October motion and could have begun preparing even before October, because Gowadia knew the Government's arguments from an earlier § 6(c) motion that had been filed, recently withdrawn, and refiled.

IV.     GOWADIA'S REQUEST FOR A STATUS CONFERENCE IS DENIED.

On October 28, 2009, Gowadia requested a status conference to discuss how his schedule affected both the competency hearing set for November 5, 2009, and his response to the § 6(c) motion, also due on November 5, 2009.  Gowadia appears to want relief from that schedule.  Because the competency hearing is already the subject of a motion to continue, the court denies without a hearing the request for a status conference. Gowadia may well get the relief he seeks through that motion, making the status conference unnecessary.

As this court stated to the parties earlier, they are always welcome to request status conferences.  That does not mean, however, that this court will unnecessarily hold status conferences.  This order leaves nothing to be discussed at the particular conference requested here.  If the parties have other matters that need discussion, the court encourages them to schedule a status conference.

V.        CONCLUSION.

For the foregoing reasons, the court denies Gowadia's Motions for Discovery (Docket No. 424), for an Article III Judge to Adjudicate Competency of Defendant (Docket No. 425), for an Extension of Time to File Response to Rule 6(c) Motion (Docket No. 426), and for a Status Conference to Discuss Scheduling (Docket No. 427).


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2009.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
Chief United States District Judge


United States of America v. Gowadia, Crim. No. 05-00486 SOM/KSC; ORDER DENYING DEFENDANT NOSHIR S. GOWADIA'S MOTIONS FOR DISCOVERY (DOCKET NO. 424), FOR AN ARTICLE III JUDGE TO ADJUDICATE COMPETENCY OF DEFENDANT (DOCKET NO. 425), FOR AN EXTENSION OF TIME TO FILE RESPONSE TO RULE 6(c) MOTION (DOCKET NO. 426), AND FOR A STATUS CONFERENCE TO DISCUSS SCHEDULING (DOCKET NO. 427)