# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO 05-00486 SOM |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING CONTACT BY |
| | ) | DEFENSE COUNSEL WITH THIRD |
| vs. | ) | PARTIES |
| | ) | |
| NOSHIR GOWADIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 02 2010

at 5 o'clock and 36 min. P M.
SUE BEITIA, CLERK KM

## ORDER REGARDING CONTACT BY DEFENSE COUNSEL WITH THIRD PARTIES

Defendant Noshir Gowadia earlier moved for leave to contact potential witnesses in foreign countries. After leave was granted, Defendant requested further court guidance on that subject. In that connection, he filed a supplemental notice pursuant to § 5 of the Classified Information Procedures Act. Having considered both parties' written and oral submissions concerning the matter, this court determines as follows:

This case has been subjected to the Classified Information Procedures Act, 18 U.S.C. App. 3 §§ 1-16 ("CIPA"). As the Government has represented that classified information is involved in these proceedings, Defendant has previously provided notice pursuant to § 5(a) of CIPA, resulting in extensive proceedings under CIPA. Those proceedings included consideration by the court as to how classified documents were to be treated during trial, and certain redactions were ordered of relevant classified documents.

Defendant now seeks to interview the alleged recipients of classified information that is the subject of Counts 9 through 14 of the Second Superseding Indictment, as well as possibly other persons in foreign countries who may have received the classified information, directly or indirectly, from those alleged recipients. To the extent these persons are believed to reside in foreign countries, the proposed contact would likely be by telephone, videoconference, facsimile, or other electronic means, not in person. Defendant does not propose to disclose any classified information to these persons, and the Government does not argue that Defendant is prohibited from contacting these individuals. Instead, the Government argues that the contact must be limited to address the risk that individuals who are in possession of classified information, if provided with unclassified information (including but not limited to documents from which classified information has been redacted pursuant to this court's prior rulings), may "compile" this unclassified information with classified documents that may be available to them and thereby "confirm" classified information.

Through its supplemental notice (Doc. 585) filed recently pursuant to § 5(a), Defendant seeks to obtain clarification of what it may and may not do concerning the potential witnesses. Section 5(a) provides: "If a defendant reasonably expects to disclose or to cause the disclosure of

2

classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall notify the attorney for the United States and the court in writing."

In its response to this notice, the Government argues (Doc. 596) that § 5 "is not relevant" to pretrial witness interviews.  While it not clear to the court that § 5 was designed to govern pretrial witness interviews, this court finds the procedure helpful to the matter at hand and adopts it for purposes of resolving the issue of defense contacts with potential witnesses in foreign countries who may have received classified information without authorization.  In recent discussions, defense counsel has been informed that disclosure of unclassified information by the defense team may result in the disclosure of classified information as a result of "compilation."  Such "compilation" disclosure of classified information could occur at any pretrial proceeding, in the course of the defense team's investigation of this case and preparation for trial, or during trial.

The Government proposes limitations on the manner in which defense counsel may interact with the potential witnesses who may have received (and may still have) classified information.  The Government proposes an initial inquiry into such an individual's availability and willingness to speak with

3

the defense team, followed by discussion of certain circumscribed areas.  The Government also proposes to limit what unclassified materials may be shown to the individual.  While the Government has indicated that it may be willing to adjust its proposal, any adjustment that the Government would agree to would be dependent on disclosure by the defense of trial defenses and/or information held by the defense team, including, potentially, information otherwise protected by the attorney-client privilege.  This court will not require disclosure of information protected by the attorney-client privilege, even in camera or ex parte.

The parties and the court have considered the possibility that, after being contacted by the defense team, an alleged recipient of classified information may himself disclose or release the information to persons other than those authorized to receive classified information.  The members of the defense team have expressed considerable concern that any such disclosure or release would subject the members of the defense team to possible administrative sanctions or to prosecution.  Government counsel has stated in good faith that Government counsel has no intent to prosecute or to seek sanctions in that regard.  Indeed, Government counsel appears to this court to be attempting to be fair to the defense team on this matter, to preserve Defendant's rights in this regard, and to diligently refrain from making statements that might be construed as a threat that members of

the defense team will unfairly be viewed as having acted willfully.  At no time known to this court has Government counsel made any statement suggesting or threatening prosecution of any member of the defense team.  Nevertheless, this court discerns a clear chilling effect on the defense team.

While the court appreciates the efforts of Government counsel, the court realizes that Government counsel of record in this case may not control all prosecutorial decisions that are ultimately made relating to the classified information in this case.  This court finds the concerns of the defense team to be reasonable under the circumstances.  Those circumstances include statements by a Court Security Officer assigned to this court by the Department of Justice cautioning the defense team that it would violate a court order if it "confirmed" classified information to an unauthorized person.  Statements by Government counsel lead this court to conclude that the Government considers the prohibition on "confirmation" of classified information to include a prohibition on suggesting to an unauthorized holder of classified information not just the content of the classified information, but also the identification of what specific information held by the unauthorized holder has a classified status.  It appears to this court that this puts the defense team at risk of "confirming" classified information the moment the defense team contacts the alleged recipients.  Not only does this

5

danger remain even with the limitations on contact proposed by
the Government, those limitations appear to the court to be an
undue intrusion into the defense team's trial preparation.   The
defense team has represented to the court and to the Government
that it would like to contact individuals believed to reside in
foreign countries in connection with potential defenses,
including a potential defense that Defendant lacked the requisite
state of mind to be guilty of the offenses charged in Counts 9
through 14.   Pretrial interviews into relevant, or potentially
relevant, matters that do not involve the defense team's
disclosure of specific classified information must be allowed to
ensure protection of Defendant's rights, including the right to
due process, the right to defend himself, the right to confront
witnesses, and the right to call witnesses on his behalf.

           As the United States Supreme Court has said:

           The right to offer the testimony of witnesses, and
      to compel their attendance, if necessary, is in plain
      terms the right to present a defense, the right to
      present the defendant's version of the facts as well as
      the prosecution's to the jury so it may decide where
      the truth lies. Just as an accused has the right to
      confront the prosecution's witnesses for the purpose of
      challenging their testimony, he has the right to
      present his own witnesses to establish a defense. This
      right is a fundamental element of due process of law.

Washington v. Texas, 388 U.S. 14, 19 (U.S. 1967).   Under § 6(c)
of CIPA, any limitation concerning the substitution of classified
information must "provide Defendant with substantially the same
ability to make his defense as would disclosure of the specific

6

classified information" and must not violate Defendant's constitutional rights.  The Government's proposal (Doc. 596) does not accomplish this.  The defense team must be permitted to interview potential witnesses as the defense team chooses, with the sole limitation being that the defense team may not disclose specific classified information to a potential witness or other unauthorized person unless permitted by this court and the Government.  Concern about violating a court order or a statute understandably chills any attorney.  In this case, that concern, notwithstanding the representations made by Government counsel, could reasonably disable the defense team from effectively representing Defendant with respect to the counts in issue.

In reaching this conclusion, this court is also considering the Government's control of what charges to bring, of how to articulate the charges in an indictment, of what to classify, and of what classification level to assign to particular classified documents.  This is a considerable amount of control.  Having exercised that control, the Government is still left with a body of unclassified information and unclassified documents, including, for instance, certain documents in the file of the present action, such as the Indictment filed herein.  The Government has expressed concern about the defense team's references to or disclosures of even unclassified documents.  Some of these unclassified documents are

7

readily available to the public, either through the court's Pacer system or on the internet.  Some of these documents have been reported on in the press.  This court sees no reason that the defense team should be uniquely prohibited from disclosing that which any other person, including a journalist, could freely disclose to the entire world.

This court therefore orders that the defense team may contact the specific persons that the Government alleges received classified information from Defendant, even though the identity of those persons is not set forth in a publicly available document.  The defense team may also contact other persons who may have received classified information from those alleged recipients, directly or indirectly, even if those persons reside in foreign countries.  The following procedures are ordered by this court as applicable to such contacts, as well as to such other contacts as are set forth below:

1.      The defense team may not disclose any specific classified information unless expressly permitted to do so by this court and approved by the Government, speaking through Government counsel of record in this case or an attorney in the United States Department of Justice in a position superior to that of Government counsel of record in this case.

8

2.    The defense team may disclose and discuss any publicly available unclassified information with anyone. "Anyone" includes but is not limited to the persons alleged to have received classified information directly from Gowadia, as well as other persons who may have received classified information, directly or indirectly, from such alleged recipients. The publicly available unclassified information that may be discussed and disclosed includes documents that remain openly filed by the Government in this case or that have been unsealed by this court, including but not limited to the Indictment and any notice filed under § 10 of CIPA. In addition, members of the defense team may disclose to anyone any unclassified information that is not publicly available, provided that the defense team first obtains confirmation from an authorized person who is independent of the prosecution team that the information, standing alone (as opposed to considered as part of a "compilation" or in combination with classified information), is indeed unclassified. Confirmation shall be by the defense team's "designated classification specialist" or by the "Court Security Officer," as those terms are used in the Joint Protective Order filed in this case on June

8, 2006, or by some other classification expert as may be approved by the court if neither of those persons is authorized or willing to perform this duty. The court stresses here that the confirmation required concerns consideration of the unclassified information on its own. Furthermore, the defense team may inform the alleged recipients in Counts 9 to 14, and any other persons the defense team has reason to believe may be subsequent recipients, that they may be recipients of classified information.

3.      Unless approved by the Government, speaking through Government counsel of record in this case or an attorney in the United States Department of Justice in a position superior to that of Government counsel of record in this case, no member of the defense team, when communicating with any person that the defense team has reason to think may be in possession of a classified document, may disclose or discuss any document that was previously classified but that has been treated and approved by this court for use at trial as an unclassified document pursuant to CIPA, unless the document is publicly available. As of the date of this order, no such document is publicly available. If the Government does not approve

disclosure or discussion of a classified document in
the unclassified form approved by the court for use at
trial (but not publicly available) to a person who may
be in possession of a classified document, the
Government must submit an alternate treatment of the
document that, given the present order, it approves.
Such submission shall occur no later than April 9,
2010.  Submission by the Government to the defense team
of such an alternate treatment shall not be deemed a
waiver of Government objections to other provisions of
the present order.  If the defense team determines that
the alternate treatment is denying the defense team a
fair opportunity to communicate with a potential
witness who may be in possession of a classified
document, the defense team may seek further guidance
from the court.  In no event may the defense team
disclose the form of the previously classified document
that has been approved for use at trial but that is not
publicly available without leave of court and approval
by the Government to any person that the defense team
has reason to believe may be in possession of a
classified document.  If a classified document that has
been treated for use at trial is admitted as an exhibit
at trial, then that document in the form admitted at

11

trial will be deemed by this court to be publicly
available, and the provisions of paragraph 3 will
become inapplicable.  In that event, paragraph 2 above
shall apply.  This paragraph does not apply to use by
the defense team of documents redacted for use at trial
when the defense team is communicating with persons
that the defense team has no reason to think are in
possession of unredacted classified documents.  With
respect to persons that the defense team has no reason
to think are in possession of unredacted classified
documents, the defense team may disclose the
unclassified and redacted version of documents prepared
for use at trial, and the limitations of paragraph 3
are inapplicable (although the defense team is free, in
an abundance of caution, to deal with all witnesses in
accordance with paragraph 3 to maximize the protection
available to the defense team).

4.      This court is concerned that members of the
defense team should not be chilled by fear that they
will be criminally, civilly, or administratively
responsible for a third party's release of classified
information that may result from the discussion or
disclosure of the publicly available or unclassified
(and confirmed) information described in paragraph 2

above or of an alternate treatment approved by the Government pursuant to paragraph 3 above.  The court has the same concern with respect to responsibility for release of classified information resulting from a third party's "compilation" or combination of a classified document held by the third party with either publicly available information, unclassified information (confirmed by an appropriate classification specialist), or an alternate treatment approved by the Government.  Given these concerns, this court orders that any classified information that may be released or caused to be released as a result of paragraph 2 above or by an alternate treatment set forth in paragraph 3 above is authorized by this court.

This court concludes that the procedure set forth in this order is necessary to ensure that Defendant retains substantially the same ability to defend against the charges in this case that he would have with disclosure of the specific classified information.

Pursuant to § 6(e) of CIPA, the Government, no later than April 5, 2010, a date agreed to by the Government, must advise this court and Defendant if the Government objects to this procedure and seeks to enjoin Defendant from contacting the potential witnesses in accordance with this procedure.  If the

court receives no indication from the Government by that deadline

of a Government objection, the Government will be deemed to have

waived any objection to this order.

The defense team is enjoined from contacting potential

witnesses in foreign countries until otherwise instructed by this

court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 2, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Gowadia, Cr. No. 05-00486 SOM; ORDER REGARDING CONTACT BY
DEFENSE COUNSEL WITH THIRD PARTIES

14