FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 07 2010

at 6 o'clock and 22 min. P M
SUE BEITIA, CLERK

KM

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00486 SOM |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING JENCKS ACT |
| | ) | DISCLOSURE OF STATEMENTS MADE |
| vs. | ) | BY SPECIAL AGENT THATCHER |
| | ) | MOHAJERIN |
| NOSHIR S. GOWADIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER REGARDING JENCKS ACT DISCLOSURE OF STATEMENTS MADE BY
SPECIAL AGENT THATCHER MOHAJERIN

I.   INTRODUCTION.

This is an espionage case involving a substantial amount of classified information. Special Agent Thatcher Mohajerin, the lead case agent, has testified as a Government witness in the trial of Noshir S. Gowadia. The defense is in the process of cross-examining Mohajerin. Gowadia had requested all "Jencks" material pursuant to 18 U.S.C. § 3500, and the Government had represented that it had complied with its Jencks Act obligations. During his cross-examination, the witness referred to memoranda he had written, causing the defense to reassert its Jencks Act request. Government counsel followed up, discovered FBI documents not previously known to him, and turned over a number of them to defense counsel. The present order addresses documents the Government proposes not to provide to the

defense. The court has reviewed those <u>in camera</u>. The court orders documents produced to Gowadia as set forth below.[1]

II.   LEGAL STANDARD.

The Jencks Act, 18 U.S.C. § 3500(b), provides:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

As used by the Jencks Act, a "statement" is

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).

---

[1] Still pending is the issue of Mohajerin's application for promotion, which is the subject of a reconsideration motion filed by the defense.

The Jencks Act does not define or provide guidance as to what is meant by "relate[s] to the subject matter of the testimony." The Ninth Circuit has interpreted the Jencks Act as requiring disclosure of statements when the statements "relate generally to the events and activities testified to." United States v. Brumel-Alvarez, 991 F.2d 1452, 1464 (9th Cir. 1992). The court requested briefing on what qualified as "relat[ing] generally to the events and activities testified to." Perhaps because trial courts rarely publish written orders discussing whether specific statements "relate to the subject matter of the testimony," the parties' submissions did not cite to specific judicial analyses defining those words.

Citing United States v. Peters, 625 F.2d 366, 371 (9th Cir. 1980), Gowadia contends that this court should interpret the Jencks Act broadly and require the Government to turn over virtually every statement made by Mohajerin concerning his investigation of Gowadia's alleged crimes relating to classified information. In Peters, the Ninth Circuit stated that, when conducting an in camera examination pursuant to § 3500, courts should consider "whether the materials would be related generally to the events and activities testified to." Id. The Ninth Circuit noted that, "in a continuing investigation[,] this scope may well be broad." Id.

3

The Government, on the other hand, argues for a focus on the policy behind the Jencks Act set forth in <u>Palermo v. United States</u>, 360 U.S. 343, 349 (1959). In <u>Palermo</u>, the Supreme Court noted that § 3500(a) demonstrates "the general statutory aim to restrict the use of such statements to impeachment." The Supreme Court further noted:

> The Act's major concern is with limiting and regulating defense access to government papers, and it is designed to deny such access to those statements which do not satisfy the requirements of [§ 3500](e), or do not relate to the subject matter of the witness' testimony. It would indeed defeat this design to hold that the defense may see statements in order to argue whether it should be allowed to see them.

<u>Id.</u> at 354.

When it is questionable as to whether a particular statement must be disclosed under the Jencks Act, the Supreme Court has "approve[d] the practice of having the Government submit the statement to the trial judge for an in camera determination." <u>Palermo</u>, 360 U.S. at 354. Pursuant to this guidance, this court has reviewed <u>in camera</u> the statements of Mohajerin. Giving a broad construction to the concept of statements "relate[d] generally to the events and activities testified to," the court orders the production of Mohajerin's statements as set forth below. In so ruling, however, the court is mindful of the policies behind the Jencks Act and declines to

adopt Gowadia's expansive argument that virtually anything that touches or concerns Gowadia must be disclosed.

The Jencks Act also contains a provision for redacting information in a statement that has information that both relates to and does not relate to the subject matter of the testimony:

> If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such procedure, any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge.

18 U.S.C. 3500(c).

III.     ANALYSIS.

Pursuant to the procedures set forth in the Jencks Act and approved of by the Supreme Court in <u>Palermo</u>, the court has conducted an <u>in camera</u> review of the 89 statements submitted to the court for review. These statements were originally described in the Government's Ex Parte In Camera Submission of Potential

Jencks Material (Apr. 30, 2010). When the court initially reviewed the statements, the court determined that some of the statements that were not disclosed to Gowadia should have been disclosed pursuant to the Jencks Act. Since that time, however, the Government has turned over additional documents to Gowadia, including most of the statements that the court originally thought should be disclosed to Gowadia pursuant to the Jencks Act. See Government's *Ex Parte* In Camera Submission of Reports and Memorandums (May 6, 2010). In addition to the documents already disclosed to Gowadia, the court orders disclosure of documents as set forth below, determining that these documents "relate generally to the events and activities testified to" by Mohajerin, see Brumel-Alvarez, 991 F.2d at 1464. The court identifies the documents using the document numbers used in the ex parte submissions.

With respect to Document 4, the Government has indicated that it is willing to disclose it so long as certain redactions are made. The court has reviewed and now approves of the proposed redactions to Document 4, consisting of the last paragraph on page 1 (continuing onto page 2) and the first two full paragraphs on page 2. No other redactions are marked as proposed. The court orders disclosure of Document 4, subject to the redactions referred to herein.

Document 6 contains statements similar to those in Document 4. The court orders that Document 6 be disclosed to Gowadia pursuant to the Government's Jencks Act responsibilities.

With respect to Document 26, the Government has indicated that it is willing to disclose it but would like to make certain redactions. The court has reviewed Document 26 and orders its disclosure as follows. The Government may redact the first page of Document 26 as proposed. On the second page of Document 26, the Government may redact the first four lines (the end of a paragraph that begins on the previous page). The Government may also redact the third full paragraph (beginning with "In"). All other proposed redactions to the second page of Document 26 are denied, as similar disclosures are being made in Document 4. Even if the similar disclosures in Document 4 were proposed in error, the court determines that the proposed redactions that are being denied pertain to Gowadia's background and are generally related to Mohajerin's testimony about Gowadia's intelligence and Mohajerin's ability to understand the context or importance of what Gowadia discussed with Mohajerin. On the third page of Document 26, the Government may redact the first full paragraph as proposed, but the court denies the Government's request to redact the first four lines (completing a paragraph that begins on the previous page). The Government may redact pages 4 and 5 of Document 26 as proposed.

The court orders Document 28 disclosed. The Government may redact pages 1, 2, 4, and 5 of Document 28 as proposed. However, the court denies the proposed redactions to page 3 of Document 28, as that page provides information already subject to disclosure by this order.

The court orders Document 86 to be disclosed. The Government may redact Document 86 as proposed.

The court orders Document 89 to be disclosed. The Government may redact the first and fourth paragraphs on page 2 of Document 89 as proposed. However, the Government's request to redact paragraphs 2 and 3 on page 2 of Document 89 is denied, as those paragraphs provide information already subject to disclosure by this order. The Government may redact the first two lines of page 3 of Document 89 as proposed.

IV.     CONCLUSION.

The court grants the Government's <u>ex parte</u> motion to seal documents (Docket No. 660).

As set forth herein, the court grants in part and denies in part Gowadia's motion for disclosure of ex parte submission (Docket No. 658). Pursuant to the Jencks Act, the court orders the Government to additionally disclose statements of Special Agent Mohajerin as set forth above. In all other respects, Gowadia's motion for disclosure is denied.

Gowadia's motion for reconsideration (Docket No. 654) remains for adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 7, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Gowadia, Crim. No. 05-00486 SOM/KSC; ORDER REGARDING JENCKS ACT DISCLOSURE OF STATEMENTS MADE BY SPECIAL AGENT THATCHER MOHAJERIN