ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 08 2010

at 2 o'clock and 32 min. P M.
SUE BEITIA, CLERK
KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00486 SOM |
| | ) | |
| Plaintiff, | ) | SECOND ORDER REGARDING JENCKS |
| | ) | ACT DISCLOSURE OF STATEMENTS |
| vs. | ) | MADE BY SPECIAL AGENT |
| | ) | THATCHER MOHAJERIN |
| NOSHIR S. GOWADIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

SECOND ORDER REGARDING JENCKS ACT DISCLOSURE OF STATEMENTS MADE
BY SPECIAL AGENT THATCHER MOHAJERIN

I.        INTRODUCTION.

At 6:22 p.m. yesterday, May 7, 2010, the court filed an
Order Regarding Jencks Act Disclosure of Statements Made By
Special Agent Thatcher Mohajerin.  This second order on the same
issue pertains to additional statements made by Special Agent
Mohajerin, the lead case agent and a Government witness in the
trial of Noshir S. Gowadia.

This second order addresses documents the Government
submitted to the court on April 30, 2010.  The court has reviewed
these in camera and orders these additional documents produced to
Gowadia as set forth below.

II.       LEGAL STANDARD.

The legal standard for analyzing the Government's
obligations under the Jencks Act, 18 U.S.C. § 3500(b), was set
forth in the court's May 7, 2010, order and is incorporated
herein by reference.

III.     ANALYSIS.

Pursuant to the procedures set forth in the Jencks Act and approved of by the Supreme Court in Palermo v. United States, 360 U.S. 343, 354 (1959), the court has conducted an in camera review of the additional statements submitted to the court for review.  It is the court's understanding that each of these statements was made by or adopted by Special Agent Mohajerin.  A sealed copy of these documents has been placed in the record for appellate purposes, if needed.  The court has placed a letter designation on the documents to aid further discussion regarding these documents.

With respect to the document dated May 10, 2004, beginning with "(U) NOTICE" (65M-HN-15967-166), which the court has designated Document A, the court orders the document produced to Gowadia.

With respect to the document dated September 2, 2004, beginning with "Precedence: ROUTINE" (65M-HN-15967-192), which the court has designated Document B, the orders that the document need not be produced to Gowadia.

With respect to the document dated November 4, 2005, beginning with "Precedence: ROUTINE" (65M-HN-15967-379 combined with 65M-HN-15967-378)), which the court has designated Document C, the orders that the document be produced to Gowadia with the following redactions: page 1, the case ID next to "(S)" and the

last two lines beginning with "(S)" and continuing to page 2
through the "To" and "Re" lines; page 2, the last two lines
beginning with "(S)" (followed by a word that starts with "P");
all of page 3; page 4, the filed number located approximately 3
to 4 inches from the top of the page and the "Subject Name"
located approximately half-way down the page.

        With respect to the documents dated February 2, 2006
(65M-HN-15967-428 and 65M-HN-15967-458), which the court has
designated Document D, the court orders the document produced to
Gowadia.

        With respect to the document dated September 1, 2004,
that begins with "Precedence" (65M-HN-15967-191), which the court
has designated Document E, the court orders the document produced
to Gowadia with the following redactions: page 1, last paragraph,
beginning immediately after "(S)"; all of page 2.

        With respect to the document dated September 1, 2004,
that has text beginning with "(S) This communication is
classified" (65M-HN-15967-190), which the court has designated
Document F, the court orders the document produced to Gowadia
with the following redactions: page 1, first full paragraph under
section "V. Basis of Investigation", but not the paragraph
beginning after "Background"; page 2, first full paragraph, last
sentence, beginning with "According"; page 2, last paragraph,
which continues on to page three, but not including "Gowadia used

3

the email address . . . ."; page 3, first, second, and fourth
full paragraphs; page 3, last paragraph that continues onto page
4; page 4, last two paragraphs; page 7, last paragraph through
top two lines of page 8; page 9, everything after "10"; page 10,
everything but the last paragraph.

      With respect to the documents dated January 3, 2005
(65M-HN-15967-217 and 65M-HN-15967-216), that begin with
"Precedence", which the court has designated Document G, the
court orders the documents produced to Gowadia with the following
redactions: on document 65M-HN-15967-216, page 1, first full
paragraph under section "V. Basis of Investigation", but not the
paragraph beginning after "Background"; page 2, first full
paragraph, last sentence, beginning with "According"; page 2,
last paragraph, which continues on to page three, but not
including "Gowadia used the email address . . . ."; page 3,
first, second, and fourth full paragraphs; page 3, last paragraph
that continues onto page 4; page 4, last two full paragraphs (not
including the last two lines on the page); page 7, last paragraph
which continues onto top of page 8; page 8, first full paragraph,
everything after "possession."; page 9, second, third, and fourth
paragraphs; all of pages 10, 11, 12, 13, 14; page 15, top
paragraph.

      With respect to the documents dated June 16, 2005 (65M-
HN-15967-322 and 65M-HN-15967-321), which the court has

designated Document H, the court orders that 65M-HN-15967-322

need not be produced, but 65M-HN-15967-321 shall be produced with

the following redactions: page 1, first full paragraph under

section "V. Basis of Investigation", but not the paragraph

beginning after "Background"; page 2, first full paragraph, last

sentence, beginning with "According"; page 2, last paragraph,

which continues on to page three, but not including "Gowadia used

the email address . . . ."; page 3, first, second, and fourth

full paragraphs; page 3, last paragraph that continues onto page

4; page 4, third full paragraph beginning with "Gowadia engaged";

page 7, last paragraph; page 8, first full paragraph, everything

after "England."; page 8, last paragraph which continues onto

page 9; all of page 9; page 10, first two lines and everything

after "April 2005"; all of pages 11, 12, 13, 14, 15, 16, 17, 18;

page 19, everything above "Analysis of the FISA Evidence

Obtained"; page 20, bottom half of page after "search warrant.";

page 21, except the last two lines; page 22, last full paragraph

beginning with "On" through the bottom of the page; page 23,

everything above "Conclusion".

    With respect to the documents dated September 30, 2005

(65M-HN-15967-357 and 65M-HN-15967-358), which the court has

designated Document I, the court orders that 65M-HN-15967-357

need not be produced, but 65M-HN-15967-358 shall be produced with

the following redactions: page 1, first full paragraph under

section "V. Basis of Investigation", but not the paragraph
beginning after "Summary of Investigation"; page 3, first full
paragraph, last sentence, beginning with "According"; page 3,
last paragraph, which continues on to page three, but not
including "Gowadia used the email address . . . ."; page 4,
first, second, and fourth full paragraphs; page 4, last paragraph
that continues onto page 5; page 5, second and third full
paragraphs"; page 8, the only full paragraph beginning with "The
document"; page 9, top partial paragraph, everything after
"possession."; page 9, last full paragraph; page 10, everything
but the last three lines; all of pages 11, 12, 13, 14, 15, 16,
17, 18 and 19; page 20, top two lines; all of pages 22, 23, and
24; page 25, everything above "On April 7, 2005, the FBI . . .
."; page 26, everything but the first two lines; page 27,
everything above "Contacts in 2005" (the court declines to redact
the last paragraph beginning with "Results of the AOL search
warrant", as the information in that paragraph may have affected
Special Agent Mohajerin's evaluation of Gowadia's statements to
him); page 28, everything after "designs . . .'" in the second
line; and all of page 29; page 30, everything above "During this
same period, SA Frasch . . . ."  The court declines to redact
statements regarding Gowadia's AOL email account, as the court
determines that those statements are generally related to Special

Agent Mohajerin's testimony about Gowadia's AOL email account and to his evaluation of Gowadia and Gowadia's statements to him.

With respect to the document dated February 2, 2006 (65M-HN-15967-445), which the court has designated Document J, the court orders that it shall be produced with the following redactions: page 1, first full paragraph under section "III. Basis of Investigation", but not the paragraph beginning after "Summary of Investigation"; page 4, first full paragraph, last sentence, beginning with "According"; page 4 everything below "reason stated." in the middle of the page; page 5, first, second and third full paragraphs, but not the last paragraph beginning with "On December . . . ."; page 9, bottom half of page after "required by law."; page 10, top of page above "(U) On February 17, 2005,"; page 10, bottom half of page below "early April 2005."; all of pages 11 and 12; page 13 above "Analysis of FISA Evidence Obtained"; page 14, bottom half of page below "electronic media."; page 15, top of page above "Preservation Letter and AOL Search Warrant"; page 18, below "London."; all of 19; and page 37, third full paragraph. The court declines to redact information concerning Gowadia's statements to Mohajerin regarding various countries, as those statements generally relate to Mohajerin's testimony about Gowadia's statements to him. They also relate to Mohajerin's view of Gowadia and his evaluation of Gowadia's statements to him.

7

The court does not have before it a copy of the Foreign Intelligence Surveillance ACT warrant application.   However, the Government has provided the FBI Foreign Intelligence Surveillance ACT (FISA) Request Form (65M-HN-15967-141), which the court has designated Document K.   The court orders a limited portion of this document turned over to Gowadia under the Jencks Act.   The court is not here reconsidering Judge Helen Gillmor's order dated June 8, 2009, which previously denied Gowadia's request for disclosure of FISA applications and orders on other grounds. Because Special Agent Mohajerin testified about matters generally related to the following, the court orders only the following statements disclosed, and not the application itself: page 2 of Request Form, last question and answer, beginning with "Describe how you know . . . ."; page 3, bottom of page beginning with "(a) Provide complete . . . ."; all of page 4; and page 5, beginning with "(i) Provide" and running through "jet pumps."

IV.        CONCLUSION.

Pursuant to the Jencks Act, the court orders the Government to disclose to Gowadia Special Agent Mohajerin's statements as set forth above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 8, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Gowadia, Crim. No. 05-00486 SOM/KSC; SECOND ORDER REGARDING JENCKS ACT DISCLOSURE OF STATEMENTS MADE BY SPECIAL AGENT THATCHER MOHAJERIN