FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

ELLIOT ENOKI #1528
First Assistant U.S. Attorney

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100 PJKK, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:   Ken.Sorenson@usdoj.gov

ROBERT E. WALLACE, JR.
Senior Trial Attorney
United States Department of Justice
National Security Division
Counterespionage Section
1400 New York Avenue, NW
Washington, DC   20005
Telephone:  (202) 514-1187
Facsimile:  (202) 514-2836
Email:   Robert.Wallace@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00486 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED PROTECTIVE ORDER |
| vs. | ) | |
| | ) | |
| NOSHIR S. GOWADIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AMENDED PROTECTIVE ORDER

This matter comes before the Court to amend the Joint

Protective Order entered by this Court on June 6, 2006.  The

amended protective order updates the names of the current Court Security Officer, Air Force Security Officer designated for the defense, the Clearance Attorney, as well as the government attorneys and defense counsel assigned to this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2000) ("CIPA"), the Security Procedures Established Pursuant to CIPA by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, the general supervisory authority of the Court, and in order to protect the national security, the following Amended Protective Order is entered:

1.   The Court finds that this case will involve information that has been classified in the interest of the national security.  The storage, handling and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and special access.  The purpose of this Order is to establish procedures that must be followed by counsel and the parties in this case.  These procedures will apply to all pretrial, trial, post-trial and appellate matters concerning classified information and may be modified from time

2

to time by further order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial.

2.   Definitions.  The following definitions shall apply to this Order:

a.  "Classified information" shall mean:

(i)  any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 or its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI"), or "SPECIAL ACCESS REQUIRED" or any information contained in such document;

(ii)  any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified and (B) has subsequently been determined to have been classified at all relevant times by the United States pursuant to Executive Order 13526 as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI")or "SPECIAL ACCESS REQUIRED;"

(iii)  verbal classified information known to the Defendant or defense counsel;

(iv)  any information, regardless of place of origin and including "foreign government information," as that

term in defined in Executive Order 13526, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters;

(v)  any document or information as to which the defendant or defense counsel have been notified orally or in writing that such document or information contains classified information.

b.  "Document" shall mean any material containing information.  The term "document" shall include, without limitation, written or printed matter of any kind including originals, conforming copies, non-conforming copies (e.g., a copy of an original with an added notation).  The term "document" shall also include, without limitation, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, or optic media such as audio or video tapes, computer tapes or discs, microfiche, type-writer ribbons, films and all manner of electronic data processing storage.

c. "Access to classified information" means having access to, reviewing, reading, learning or otherwise coming to know in any manner classified information.

d. "Secure Area" means a sensitive compartmented information facility accredited by a Court Security Officer for the storage, handling and control of classified information.

3. Information in the public domain is ordinarily not classified. However, if classified information is reported in the press or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain. Information reported in the press or otherwise in the public domain may be considered classified and subject to the provisions of CIPA if the information, in fact, remains classified and is confirmed by any person who has, or has had, such access to classified information and that confirmation corroborates the information in question. Accordingly, any attempt by the defense to have classified information that has been reported in the public domain confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Order.

4. All classified documents and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency

or department that originated the document or information contained therein ("originating agency").

5. In accordance with the provisions of CIPA and the Security Procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Joan B. Kennedy as Court Security Officer and Michael Macisso, Christine Gunning, Dan Hartenstine, W.S. Slade, Miguel Ferrer and Maura Peterson as alternate Court Security Officers for this case, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information or documents that have been made available to defendant Noshir S. Gowadia as a result of his prior relationship with the government, or will be made available to the defense in connection with this case. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

6. The Court has been advised that the Assistant United States Attorneys assigned to this case, Kenneth M. Sorenson and Elliot Enoki, and Department of Justice attorneys Robert E. Wallace, Jr. and John J. Dion have the requisite security clearances allowing them to have access to the classified documents and information that relate to this case. Any

references to government attorneys as used in this Order refer
only to the attorneys listed in this paragraph.

7.   The Defendant, his counsel, and counsels' approved
agents, consultants and employees, shall be given access to
classified national security documents and information as
required by the government's discovery obligations and in
accordance with the terms of this Protective Order, and any other
orders pursuant to CIPA, and upon receipt of appropriate security
clearances and required access.  Any additional person whose
assistance the defense reasonably requires may only have access
to classified information in this case after obtaining from a
designated Air Force Security Officer who is to be "walled off"
from all attorneys and investigators on the prosecution "team"
(the "Air Force Security Officer"), with prior notice to the
government, an approval for access to the required level of
classification on a need to know basis, and after satisfying the
other requirements described in this Order for access to
classified information.  The Air Force Security Officer
designated to assist the defendant is Laurie Graber of the Air
Force Office of Special Investigations.  Any such potential
witness will be approved for or confirmed to have access to the
required level of classification and to the specific special
access program relevant to this case, and will be further
instructed by the designated Air Force Security Officer to limit

7

discussion with the defense to only those matters which are within the specific special access program.  Whenever the defense seeks to conceal the identity of such a potential witness or expert from the prosecution team, it must identify the proposed witness and the reasons for the desire to keep his or her identify secret to a designated government attorney who is to be "walled off" from all attorneys and investigators on the prosecution team (the "Clearance Counsel").  Mary Ruppert of the Department of Justice shall serve as the Clearance Counsel.  If Clearance Counsel believes the prosecution team should receive notice of the identity of the proposed witness, Clearance Counsel will move the Court, with notice to the defense, for such disclosure and represent the government in any hearing on the matter.  Any rejected request for such approval may be appealed to the Court, with notice to be provided to the Air Force Security Officer and either the government or Clearance Counsel. If the defense determines that access to classified information in another special access program is necessary to its defense of Mr. Gowadia, it must move the Court, with notice to the Air Force Security Officer and either the government or Clearance Counsel, for an order granting such access.  The substitution, departure, or removal from this case of defense counsel or anyone associated with the defense as an agent, consultant, employee or witness or otherwise, shall not release that person from the provisions of

this Order or the Memorandum of Understanding executed in connection with this Order.

8.   The Court Security Officer shall arrange for an appropriately approved secure area for the use of defense counsel, and their agents, consultants and employees.  The Court Security Officer shall establish procedures to assure that the secure area is accessible during business hours to defense counsel, their agents, consultants and employees, and authorized witnesses accompanied by defense counsel, and at other times upon reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense.  The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  No classified documents may be removed from the secure area unless so authorized by the Court Security Officer with notice provided to the Court.  The Court Security Officer shall not reveal to the government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being

generated.  The presence of the Court Security Officer shall not operate to render inapplicable the attorney-client privilege.

9.   Filing of Papers by Defendant.  Any pleading or other document filed by the defendant shall be filed under seal with the Court through the Court Security Officer or his or her designee, and shall be marked, "Filed in Camera and Under Seal with the Court Security Officer," unless defense counsel has obtained permission from the Court Security Officer, specific to a particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) which does not contain information that is or may be classified or require filing under seal, to file the document not under seal.  The time of physical submission to the Court Security Officer or a designee shall be considered the date and time of filing.  The Court Security Officer shall submit the document to the designated Air Force Original Classification Authority who is instructed not to disclose to all attorneys and investigators on the prosecution "team" all communications and correspondence related to any requests from defendant or his counsel for classification determinations.  The designated Air Force Original Classification Authority shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information.  If the designated Air Force

Original Classification Authority determines that the pleading or document contains classified information, the Court Security Officer and the designated Air Force Original Classification Authority shall ensure that the document is marked with the appropriate classification marking and remains under seal.  All papers filed by the Defendant that do not contain classified information shall be immediately unsealed by the Court Security Officer and placed in the public record.  The Court Security Officer or a designee shall immediately deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendant that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer or a designee.

10.  Filing of Papers by the United States.  Any pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Court Security Officer or his or her designee and such designated Air Force Original Classification Authority pleadings shall be marked, "Filed in Camera and Under Seal with the Court Security Officer."  The date and time of physical submission of such pleadings to the Court Security Officer or a designee shall be considered the date and time of filing.

11

11.   The Court Security Officer shall maintain a separate sealed record for those materials which are classified.   The Court Security Officer shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

12.   Protection of Classified Information.   The Court finds that to protect the classified information involved in this case, individuals other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, can obtain access to classified documents and information only after having been granted a security clearance by the Department of Justice through the Court Security Officer, and with permission of the Court.   No person except counsel for the Defendant, and the agents, consultants and employees of counsel for the Defendant or defense witnesses, upon receipt of appropriate security clearances and special access, shall have access to the classified information involved in this case.   Moreover, no counsel for the Defendant, and no agents, consultants and employees of counsel for the Defendant, nor any defense witnesses shall have access to any classified information in this case unless that person shall first have:

(a)   received from the Court Security Officer the appropriate security clearances and special access required for

12

the level of the classified information involved in this litigation; and

(b) signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court Security Officer. The substitution, departure or removal for any reason from this case of counsel for the defense or anyone associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

Before any person other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, is permitted by the Court to inspect and review classified national security information, he or she must also sign the attached Memorandum of Understanding.

13. Access to Classified Information. In the interest of the national security, the defendant may be excluded from access to certain classified information. Counsel for the Defendant, and any agents, consultants, and employees of counsel for the Defendant and any defense witnesses accompanied by counsel for the Defendant shall have access to classified information only as follows:

a.  All classified information produced by the government to defense counsel in discovery or otherwise, and all classified information possessed, created or maintained by the defense, shall be stored, maintained and used only in the secure area established by the Court Security Officer.

b.  Counsel for the defendant, and any agents, consultants, and employees of counsel for the Defendant shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

c.  No person, including counsel for the defendant, and any agents, consultants, or employees of counsel for the defendant or defense witnesses, shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

d.  All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer.  All such documents and any associated materials (such as notes, drafts,

14

copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the United States or any other party.

  e.  Counsel for the Defendant, and any agents, consultants, and employees of counsel for the Defendant shall discuss classified information only within the secure area or in an area authorized by the Court Security Officer.

  f.  The defense shall not disclose, without prior approval of the Air Force Security Officer or the Court, the contents of any classified documents or information to any person not named in this Order except the Court, Court personnel and the attorneys for the United States identified by the Court Security Officer as having the appropriate clearances, special access and the need to know.  Any rejected request for such disclosure may be appealed to the Court, with notice to be provided to the Air Force Security Officer and either the government or Clearance Counsel.  Any person approved by the Air Force Security Officer or the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearances and special access, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the

terms and conditions of the Order.  If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Air Force Security Officer and Court Security Officer shall promptly seek to obtain security clearances and special access for them at the request of defense counsel.  Any such person will be instructed further by the designated Air Force Security Officer to limit discussion with the defense to only those matters which are within the specific special access program.

g.  The Defendant, counsel for the Defendant, and any agents, consultants, and employees of counsel for the Defendant, defense witnesses, the government and government witnesses shall not discuss classified information over any standard commercial telephone instrument or inter-office communication systems, including but not limited to the Internet, or in the presence of any person who has not been granted access by the Court to classified information.

h.  Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.  If counsel for the government advise defense counsel that certain classified information or documents may not

be disclosed to the Defendant, then defense counsel, and any agents, consultants, and employees of defense counsel, and defense witnesses shall not disclose such information or documents to the Defendant without prior concurrence of counsel for the government or, absent such concurrence, approval of the Court.  Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

14.  Classified Information in the Defendant's Possession Prior to the Institution of this Case.  The Court has been advised by the government that the defendant may be in possession of classified information made available to him as a result of his previous associations with the government.  Furthermore, as set forth in the government's Motion for Protective Order, it is clear that the defendant has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information that he possesses as a result of such previous employment.  The government is entitled to enforce its agreements to maintain the confidentiality of classified information.  Consequently, pursuant to federal common law and the ordinary principles of contract law, the defendant is hereby enjoined from breaching the terms of the secrecy agreements to which he has subscribed throughout his employment as a government contractor, an exemplar of which is appended hereto and expressly

17

incorporated herein.  Specifically, the defendant is prohibited
from any future violations of the above-referenced secrecy
agreements, and, in particular, is enjoined from disclosing any
classified information to any unauthorized person during the
pendency of this Order.  Nothing in this Order shall be construed
as a limitation on the government in filing additional criminal
charges against the defendant in the event of an unauthorized
disclosure of classified information.

     15.  Classified Information Procedures Act.  Procedures for
the public disclosure of classified information by the defense
shall be those established in sections 5 and 6 of CIPA.  No
classified information may be disclosed by the defense except:

          a.  to the Court, court personnel and government
attorneys and their agents and employees identified by the Court
Security Officer or a designee as holding proper security
clearances and approvals for special access to classified
information;

          b.  to representatives of the agency or department
originating the classified information who have been identified
by the Court Security Officer as holding proper security
clearances and having the need to know the classified
information;

          c.  in accordance with the procedures of CIPA and the
procedures established by the Court Security Officer; or

18

        d.   to persons who have been authorized to have access
to classified information pursuant to this Order or to CIPA.
To facilitate the defense in its filing of notices as required
under Section 5 of CIPA, the Court Security Officer shall make
arrangements with the designated Air Force Original
Classification Authority and other representatives of the
appropriate Agencies for a determination of the classification
level, if any, of materials or information either within the
possession of the defense or about which the defense has
knowledge and which the defense intends to use in any way at any
pretrial proceeding or at trial.  Nothing submitted by the
defense to the Court Security Officer or a designee pursuant to
this paragraph shall be made available to counsel for the United
States unless so ordered by the Court, or so designated by the
defense.  Any and all of these items which are classified shall
be listed in defendant's Section 5 notice.

        16.   The defense may not contact any employee of any
government intelligence agency without making prior arrangements
with a government attorney, unless the defense files a motion
with the Court (which may be _ex parte_ at the discretion of
defense counsel), to authorize such contact, provides the
government notice of such motion, and obtains a court order
authorizing that contact.  This is required because the
identities of the government intelligence employees may be

classified, and formal arrangements may be required to protect the classified information which may be the subject of discussion by the parties.

17.   Any unauthorized disclosure of classified information may constitute violations of United States criminal laws.   In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution.   Any breach of this Order may also result in termination of an individual's access to classified information.   Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States.   This Protective Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

18.   All classified documents and information which counsel for the defendant, and any agents, consultants, and employees of counsel for the defendant or defense witnesses have access to in

this case are now and will remain the property of the United
States.  Upon demand of the Court Security Officer, these persons
shall return to the Court Security Officer, all classified
information in their possession obtained through discovery from
the government in this case, or for which they are responsible
because of access to classified information.  The notes,
summaries and other documents prepared by the defense that do or
may contain classified information shall remain at all times in
the custody of the Court Security Officer for the duration of the
case.  At the conclusion of this case, all such notes, summaries
and other documents are to be destroyed by the Court Security
Officer in the presence of defense counsel.

19.  No admission made by the defendant or defense counsel
during the pretrial conference may be used against the defendant
unless it is in writing and signed by the defendant. CIPA Section
2.

20.  A copy of this Order shall be issued forthwith to
defense counsel who shall be responsible for advising the
Defendant, and any agents, consultants, and employees of counsel
for the defendant, and defense witnesses of the contents of this
Order.  Counsel for the defendant, each agent, consultant, and
employee of counsel for the defendant and defense witness who
will be provided access to the classified information, shall
execute the Memorandum of Understanding described in paragraph 12

of this Order, and counsel for the defendant shall file executed originals of such documents with the Court Security Officer who shall serve an executed copy of the original upon the United States.  The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the defendant, any employee of counsel for the defendant, and any defense witness to have access to classified information.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

UNITED STATES vs. NOSHIR S. GOWADIA
Cr. No. 05-00486 SOM-KSC
"Amended Protective Order"

## MEMORANDUM OF UNDERSTANDING

1.   I, _____, understand that I may
be the recipient of information and documents that concern or
implicate the national security of the United States and belong
to the United States, and that such documents and information are
classified according to security standards set by the United
States government.

2.   I agree that I shall never divulge, publish or
reveal, either by word, conduct or other means, such classified
information and documents unless specifically authorized in
writing to do so by an authorized representative of the United
States government, or as required by the Classified Information
Procedures Act, or as otherwise ordered by the Court.

3.   I understand this agreement will remain
binding upon me after the conclusion of the proceedings in United
States v. Noshir S. Gowadia, Cr. No. 05-00486 SOM-KSC, and any
subsequent related proceedings.

4.   I have received, read and understood the
Protective Order entered by the United States District Court for
the District of Hawaii in the above case, and I agree to comply
with the provisions thereof.

//

//

//

//

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed this _____ day of _____, 2010, at _____.


_____


_____
Witnessed by
JOAN B. KENNEDY
Court Security Officer

2